■ MICHAEL METZGIER, Respondent, v ABE A. MILLER, Appellant. [930 NYS2d 516]—

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained while operating an all-terrain vehicle (ATV) on defendant's property when he struck a single strand of barbed wire fencing that defendant had strung between two trees on the property. At the time of the accident, plaintiff and his cousin were operating ATVs on defendant's property without the knowledge or permission of defendant. We conclude that Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. Defendant met his initial burden on the motion by establishing that he was entitled to the benefit of the recreational use statute, i.e., General Obligations Law § 9-103, inasmuch as he was the owner of the property where plaintiff was operating an ATV (*see* § 9-103 [1] [a]; *Albright v Metz*, 88 NY2d 656, 662 [1996]; *Bragg v Genesee County Agric. Socy.*, 84 NY2d 544, 551-552 [1994]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In opposition to defendant's motion, plaintiff failed to come forward with evidence in admissible form establishing that defendant's conduct in constructing the barbed wire fencing constituted a "willful or malicious failure to guard, or to warn against, a dangerous condition" such that the statute would not limit defendant's liability (General Obligations Law § 9-103 [2] [a]; *see Farnham v Kittinger*, 83 NY2d 520, 528-529 [1994]; *Hinchliffe v Orange & Rockland Utils. Co.*, 216 AD2d 528, 529 [1995], *lv denied* 87 NY2d 801 [1995]; *Wilkins v State of New York*, 165 AD2d 514, 518 [1991]). Present—Fahey, J.P., Peradotto, Lindley, Sconiers and Green, JJ.